# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 16, 2012

No. 11-20403
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARLON FAJARDO, also known as Christopher Sebastian Rodriquez-Mendez,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CR-785-1

Before SMITH, GARZA, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Marlon Fajardo appeals the consecutive 10- and 16-month prison sentences imposed following his guilty plea convictions for falsely and willfully representing himself as a United States citizen and social security number fraud. He argues that his consecutive sentences are procedurally and substantively unreasonable.

First, Fajardo contends that his sentences are procedurally unreasonable because the district court failed to articulate any reasons in open court for its

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentencing decision.     Fajardo's general objection to the procedural reasonableness of his sentences was insufficient to preserve this claim of error. *See United States v. Dunigan*, 555 F.3d 501, 506 (5th Cir. 2009).  Fajardo "could have asked the district court for further explanation during the sentencing hearing, but did not."  *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009).  Accordingly, as to this claim of error, plain error review applies.

To prevail under plain error review, Fajardo must show a forfeited error that is clear or obvious and affects his substantial rights.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  When these elements are shown, this court has the discretion to correct the error only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings."  *Id.* (internal quotation marks, citation, and brackets omitted).

Reviewing the adequacy of the district court's reasons in the context of the full sentencing hearing, we find no reversible plain error.  *See United States v. Gore*, 298 F.3d 322, 324–26 (5th Cir. 2002).  Prior to imposing Fajardo's sentences, the court adopted the presentence report, which included a summary of Fajardo's instant offense and his criminal history.  *See id.* at 325–26 & n.3. The court then engaged both the Federal Public Defender and the Government in a colloquy that implicitly indicated the reasons for its sentencing decision, including its concerns about the nature and circumstances of Fajardo's instant offense, the dangers of identity theft, and the underrepresentation of Fajardo's criminal history.  *See id.* at 325.

Additionally, the court's statement of reasons clarified both the nature of Fajardo's sentences, as imposed outside of the Sentencing Guidelines system, and the grounds for the court's sentencing decision, thus permitting effective appellate review.  *See United States v. Allison*, 447 F.3d 402, 407 n.12 (5th Cir. 2006).  There is nothing in the record to suggest that Fajardo's sentence would have been any different if the court had provided additional reasons for its choice

of sentence. *Cf. Mondragon-Santiago*, 564 F.3d at 364–65 (reviewing within-guidelines sentence). Moreover, the court's explanation in its written statement of reasons "would render remand a meaningless formality." *See Gore*, 298 F.3d at 325.

Fajardo next argues that the district court committed procedural error by relying on unsupported assumptions that he used the identity of a United States citizen to open a line of credit and obtain employment. The district court included these findings in its written statement of reasons, which was issued four days after the sentencing hearing. Because Fajardo had no opportunity to object to these findings, the plain error standard does not apply to our review of this claim of error. *See United States v. Bigelow*, 462 F.3d 378, 381 (5th Cir. 2006).

The presentence report reflects that Fajardo used a citizen's identity to obtain a credit card and secure a Texas driver's license to drive his employer's truck. Fajardo offered no evidence to rebut these findings. *See United States v. Nava*, 624 F.3d 226, 230–31 (5th Cir. 2010), *cert. denied*, 131 S. Ct. 2945 (2011). In light of this evidence, Fajardo has not shown that the district court's factual finding that he used a citizen's identity to open a line of credit is clearly erroneous. *See id.* at 229.

Fajardo has likewise failed to show the district court committed procedural error by selecting a sentence based, in part, on a finding that he used a citizen's identity to obtain employment. A "sentencing court is permitted to make common-sense inferences from the circumstantial evidence." *United States v. Caldwell*, 448 F.3d 287, 292 (5th Cir. 2006). Fajardo sought a job or position with his employer that he could not otherwise obtain without using a citizen's identity. Accordingly, he has not shown, in light of the record as a whole, that the district court's finding was clearly erroneous. *See Nava*, 624 F.3d. at 229.

Finally, Fajardo argues that his sentences are substantively unreasonable because they are greater than necessary to effectuate the purposes of sentencing

and because the court made a clear error of judgment in balancing the sentencing factors of 18 U.S.C. § 3553(a) by giving additional weight to factors already included in his offense level calculations. Fajardo's objection to the court's sentences as "greater than necessary to comply with [§] 3553(a)" was sufficient to preserve a claim of error as to the substantive reasonableness of his sentences. *See Mondragon-Santiago*, 564 F.3d at 360–61.

When imposing a non-guidelines sentence, district courts may give additional weight "to factors included in calculating the applicable advisory Guidelines range, since to do otherwise would essentially render the Guidelines mandatory." *United States v. Williams*, 517 F.3d 801, 809 (5th Cir. 2008). In addition, district courts are "free to conclude that the applicable Guidelines range gives too much or too little weight to one or more factors," and may adjust the sentence accordingly under § 3553(a). *United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008) (internal quotation marks and citation omitted). The district court thus did not abuse its discretion in giving more weight to factors already included in the calculation of Fajardo's advisory guidelines range.

In support of its sentencing decision, the district court provided detailed reasons based on the § 3553(a) factors. Moreover, the court was "in a superior position to find facts and judge their import under § 3553(a)." *See Gall v. U.S.*, 552 U.S. 38, 51 (2007) (internal quotation marks and citation omitted). Given the deference owed to a district court's consideration of the § 3553(a) factors and reasons for its sentencing decision, Fajardo has not shown that his sentences were greater than necessary to effectuate the purposes of sentencing or represented an abuse of the district court's discretion. *See id.* at 51–53; *United States v. Smith*, 440 F.3d 704, 708–10 (5th Cir. 2006).

AFFIRMED.